EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
BRENDA BARNES-GEORGE,

                  Plaintiff,                Case No. 07-cv-9660

    -against-

                                          Honorable Stephen C. Robinson

YONKERS PUBLIC SCHOOL DISTRICT,
SHARON WOODS, CAROL-ANN DUNLEAVY,      Honorable Magistrate
and BEVERLY NASH,                          Mark D. Fox

                  Defendants.
-------------------------------------------------------------------------X

STATE OF NEW YORK      )
                      ): ss:
COUNTY OF WESTCHESTER  )

SHARON WOODS, being duly sworn deposes and says:

1.    I am a former employee with the Yonkers Public Schools District ("District").  I was

       most recently employed as the Executive Director of Elementary Administration with

       the District, with my office located at One Larkin Place, Yonkers, New York.

2.    However, I have not been employed with the District since July 3, 2007.

3.    To date, I have not been served with any papers with regard to the above-captioned

       matter.

                                              *Sharon Woods*
                                        SHARON WOODS

Sworn to before me this
17th day of March, 2008.

*Janice A. Holliday*
Notary Public  JANICE A. HOLLIDAY
Notary Public, State of New York
No. 01H04843453
Qualified in Westchester County
Commission Expires June 11, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BRENDA BARNES-GEORGE,

                Plaintiff,                      Case No. 07cv9660

    -against-
                                              Honorable Stephen C. Robinson
YONKERS PUBLIC SCHOOL DISTRICT,
SHARON WOODS, CAROLE-ANN DUNLEAVY,
and BEVERLY NASH,                             Honorable Magistrate
                                              Mark D. Fox

                Defendants.
------------------------------------------------------------------------X

STATE OF NEW YORK      )
                            ): ss:
COUNTY OF WESTCHESTER   )

BEVERLY TURNER-NASH, being duly sworn deposes and says:

1.    I am currently employed as assistant principal at the Emerson Middle School, located

at 160 Bolmer Avenue, Yonkers, NY 10703, a school under the care and control of

the Yonkers Public School District.

2.    To date, I have not been served with any papers with regard to the above-captioned

matter.

                                                      BEVERLY TURNER-NASH

Sworn to before me this
18th day of March, 2008.

_____
Notary Public

LA'ISHA HILLIAN
NOTARY PUBLIC, STATE OF NEW YORK
No. 01HI6132192
QUALIFIED IN WESTCHESTER COUNTY
MY COMMISSION EXPIRES SEPT. 26, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BRENDA BARNES-GEORGE,

               Plaintiff,                       Case No. 07-cv-9660

     -against-

                                        Honorable Stephen C. Robinson
YONKERS PUBLIC SCHOOL DISTRICT,
SHARON WOODS, CAROLE-ANN DUNLEAVY,
and BEVERLY NASH,                        Honorable Magistrate
                                          Mark D. Fox

                         Defendants.
------------------------------------------------------------------------X

STATE OF MASSACHUSETTS    )
                            ): ss:
COUNTY OF PLYMOUTH       )

CAROLE-ANN DUNLEAVY, being duly sworn deposes and says:

1.    I am a former employee with the Yonkers Public Schools ("District"). I was most recently employed as principal of the District's Paideia School 15, located at 175 Westchester Avenue, Yonkers, NY 10707.

2.    However, I have not been employed with the District since April 30, 2007.

3.    To date, I have not been served with any papers with regard to the above-captioned matter.

4.    I have not resided in the State of New York since May 3, 2007. I currently reside in the State of Massachusetts and have resided in Massachusetts since May 4, 2007.

                                        *CAROLE-ANN DUNLEAVY*

Sworn to before me this
14 day of March, 2008.

_____
Notary Public

ANNE READ TELFORD
Notary Public
Commonwealth of Massachusetts
My Commission Expires
July 18, 2014

EXHIBIT "B"

(Rev. 2/5/98) Summons in a Civil Action

# United States District Court

OFFICE OF THE
SUPERINTENDENT
RECEIVED

2008 FEB 12 A 10: 16

SOUTHERN                    **DISTRICT OF**    YONKERS PUBLIC NEW YORKHOOLS

Brenda Barnes-George

V.

**SUMMONS IN A CIVIL CASE**

Yonkers Public School District
Sharon Woods
Carole-Ann Dunleavy
Beverly Nash

CASE NUMBER:

## 07 CV 9660

*JUDGE ROBINSON*

**TO:** (Name and address of defendant)

Biverly Hosit
Carole Anmy Clarro
Yonkers NY 10703

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY** (name and address)
*Pro Se* Brenda Barnes-George
338 Old Short Hills Road
Short Hills, New Jersey 07078

Michael H. Sussman, Esq
P. O Box 1005
Goshen NY 10924

An answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

OCT 3 1 2007

_____
CLERK

_____
DATE

_____
(BY) DEPUTY CLERK

(Rev. 2/5/98) Summons in a Civil Action

# RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me [1] | Date |
| NAME OF SERVER (PRINT) | Title |

**CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE**

☐ Served personally upon the defendant.  Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify) _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
Date                                        Signature of Server

_____
Address of Server

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JUDGE ROBINSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 9660**

Brenda Barnes-George

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Yonkers Public School District
Sharon Woods
Carole-Ann Dunleavy
Beverly Nash

*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant.  Addresses should not be included here.)*

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial: ☐ Yes ☐ No

*(check one)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

✓ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a
Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
621 - 634.
*NOTE:  In order to bring suit in federal district court under the Age Discrimination in
Employment Act, you must first file a charge with the Equal Employment Opportunity
Commission.*

_____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act,
you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity
Commission.*

_____ New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age,
race, creed, color, national origin, sexual orientation, military status, sex,
disability, predisposing genetic chacteristics, marital status).

_____ New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
131 (actual or perceived age, race, creed, color, national origin, gender,
disability, marital status, partnership status, sexual orientation, alienage,
citizenship status).

RECEIVED
OCT 19 2007
PRO SE OFFICE

*Rev. 05/2007*

1

**I.     Parties in this complaint:**

A.     List your name, address and telephone number.  Do the same for any additional plaintiffs named.
Attach additional sheets of paper as necessary.

Plaintiff     Name _Brenda Barnes-George_

Street Address _338 Old Short Hills Road_

County, City _Short Hills,_

State & Zip Code _New Jersey  07678_

Telephone Number _(973) 564-5783_

B.     List all defendants' names and the address where each defendant may be served.  Make sure that the
defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets
of paper as necessary.

Defendant     Name _Yonkers Public Schools_

Street Address _One Larkin Center_

County, City _Yonkers_

State & Zip Code _New York  10701_

Telephone Number _(914) 376-8000_

_(See attached paper)_

C.     The address at which I sought employment or was employed by the defendant(s) is:

Employer _Yonkers Public School_

Street Address _One Larkin Center_

County, City _Yonkers_

State & Zip Code _New York  10701_

Telephone Number _(914) 376-8600_

**II.     Statement of Claim:**

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were
discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts
to support those claims.  You may wish to include further details such as the names of other persons involved
in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related
claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as
necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____     Failure to hire me.

_____     Termination of my employment.

_____     Failure to promote me.

_____     Failure to accommodate my disability.

___✓___     Unequal terms and conditions of my employment.

*Rev. 05/2007*                    2

**I. Parties in this complaint**

    B.  List all defendants' names and the address where each defendant may be served.
make sure that the defendant(s) listed below are identical to those contained in the
above caption.

| | | |
|---|---|---|
| **Defendant** | **Name** | Sharon Woods |
| | **Street Address** | One Larkin Center |
| | **County, City** | Yonkers |
| | **State & Zip Code** | New York      10701 |
| | **Telephone Number** | (914) 376-8000 |
| | | |
| | **Name** | Carole-Ann Dunleavy |
| | **Street Address** | One Larkin Center |
| | **County, City** | Yonkers |
| | **State & Zip Code** | New York      10701 |
| | **Telephone Number** | (914) 376-8000 |
| | | |
| | **Name** | Beverly Nash |
| | **Street Address** | One Larkin Center |
| | **County, City** | Yonkers |
| | **State & Zip Code** | New York      10701 |
| | **Telephone Number** | (914) 376-8000 |

_____ ✓     Retaliation.     *I was treated differently than the*

_____ ✓     Other acts *(specify)*: *White reading teachers in the Yonkers.*
*Public School District.*

**Note:**   *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*   *10/26/05, 10/26/05,*

B.    It is my best recollection that the alleged discriminatory acts occurred on: *9/23/05, 8/22/05,*
*Other dates: 9/29/06, 10/14/05, 10/20/05, 10/12/05, 8/27/06* *(Date(s))*

C.    I believe that defendant(s) *(check one)*: *6/13/06, 10/16/06, 6/22/06.*

_____ ✓     is still committing these acts against me.

_____ ✓     is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

     ☑   race _____      ☐   color _____

     ☐   gender/sex _____      ☐   religion_____

     ☐   national origin _____

     ☐   age.   My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

     ☐   disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____ *See attached papers* _____

_____

_____

_____

_____

_____

**Note:**   *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.   Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *November 6, 2006* _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

_____    has not issued a Notice of Right to Sue letter.

_____✓_____    issued a Notice of Right to Sue letter, which I received on _7/16/07_ *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____    60 days or more have elapsed.

_____    less than 60 days have elapsed.

## IV.    Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: 1) Removal of all negative letters from teacher's file 2) Reversal of U-rating on teacher's evaluation 3) removal of all negative comments in teacher's evaluation 4) payment of all legal *(Describe relief sought, including amount of damages, if any, and the basis for such relief.)* fees 5) pain and suffering – $100,000.00

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _13_ day of _October_, 200_7_.

Signature of Plaintiff    _Brenda Barnes-George_

Address    _338 Old Short Hills Rd._
_Short Hills, N.J. 07078_

_____

Telephone Number    _(973) 564-5783_

Fax Number *(if you have one)*    _____

*Brenda Barnes-George v. Yonkers Public School*
EEOC Charge No.: 520-2006-03114
Page 1 of 2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622
General FAX (212) 336-3625

July 6, 2007

Ms. Brenda Barnes-George
338 Old Short Hills Road
Short Hills, NJ 07078

Re:  *Brenda Barnes-George v. Yonkers Public School*
EEOC Charge No.: 520-2006-03114

Dear Ms. Barnes-George:

The EEOC has concluded its inquiry into your allegations of discrimination against Yonkers Public School ("Respondent").  Under the Equal Employment Opportunity Commission's ("EEOC") charge prioritization procedures, we focus our resources only on those charges that are most likely to result in findings of violations of the laws we enforce.  In accordance with these procedures, the EEOC has evaluated this charge based on the information you provided.

You allege that you were discriminated against by the Respondent because of your race in violation of Title VII of the Civil Rights Act of 1964, as amended.  You allege that you are treated differently than other reading teachers because of your race and are not given the same opportunities as Caucasian teachers.  You allege that you do not have a teachers' aide, were given negative evaluations without observation or discussion, and were subject to different policies than other teachers.  You also allege that you were not able to see your students' entire reading scores which negatively affected your lesson plans and you were denied certain privileges awarded to other teachers, for example, serving as a table leader during the grading of the ELA Test.  In addition, you allege that Respondent did not provide adequate support for the reading programs you coordinated and that Respondent participated in activities that resulted in you seeming disorganized and unprepared to parents.

*Brenda Barnes-George v. Yonkers Public School*
EEOC Charge No.: 520-2006-03114
Page 2 of 2

To the contrary, Respondent stated in its response to the Commission, that it has investigated your allegations of race discrimination, and have found them to be without merit.

According to Respondent, formal observation of tenured teachers, such as yourself, is not a standard procedure. Furthermore, Respondent states that you abused the Principal's open door policy and were always allowed the same opportunities as other teachers to comment on your evaluation. Respondent states that although they are not required to do so, the Superintendent met with you and your husband to review your evaluation. Respondent states that your programs receive more support than other teachers' programs. For example, Respondent called parents to tell them about your Parent Workshop, which resulted in a wider audience for the program.

Based upon an analysis of the information submitted to us, the Commission is unable to conclude that the information establishes a violation of federal law on the part of Respondent. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge with 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Sincerely,

_____
Patricia M. Araujo
Federal Investigator

cc: File

EEOC Form 161 (3/98)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:   Brenda Barnes-George
      338 Old Short Hills Road
      Short Hills, NJ 07078

From:   New York District Office
        33 Whitehall Street
        5th Floor
        New York, NY 10004

☐   On behalf of person(s) aggrieved whose identity is
    CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-03114 | Patricia M. Araujo, Investigator | (212) 336-3681 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐   While reasonable efforts were made to locate you, we were not able to do so.

☐   You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Spencer H. Lewis, Jr.,
Director

07/13/07
(Date Mailed)

cc:   YONKERS PUBLIC SCHOOLS
      c/o Ana I. Gonzalez, Esq.
      One Larkin Center
      Yonkers, NY 10701

Enclosure with EEOC
Form 161 (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Brenda Barnes-George<br>338 Old Short Hills Road<br>Short Hills, NJ 07078 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|-----|------|------|------|

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|-----|------|------|
| 520-2006-03114 | Patricia M. Araujo,<br>Investigator | (212) 336-3681 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐   While reasonable efforts were made to locate you, we were not able to do so.

☐   You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** **before you file suit may not be collectible.**

On behalf of the Commission

_____         07/13/87
Spencer H. Lewis, Jr.,                          *(Date Mailed)*
Director

Enclosures(s)

cc:   YONKERS PUBLIC SCHOOLS
     c/o Ana I. Gonzalez, Esq.
     One Larkin Center
     Yonkers, NY 10701

EEOC Form (201)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 520-2006-03114 |

*N.Y.S. Division of Human Rights* and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Phone No. (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Brenda Barnes-George | (H) 973-564-5783 | 1/29/58 |

Street Address: 338 Old Short Hills Rd.
City, State and ZIP Code: Short Hills, N.J. 07078

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| Ms. Carole-Ann Dunleavy  Principal - Paideia School 15 | | (914) 376-8000 |

Street Address: One Larkin Center  City, State and ZIP Code: Yonkers, N.Y. 10701
Paideia School 15 (914) 376-8645

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| Ms. Beverly Nash  Assistant Principal  Emerson Middle School | | (914) 376-8000 |

Street Address: One Larkin Center  City, State and ZIP Code: Yonkers, N.Y. 10701

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest            Latest

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Ms. Sharon Woods, Executive Director, Elementary Administration - Yonkers Public School District
One Larkin Center.
Yonkers, N.Y. 10701

I charge that Ms. Sharon Woods did not ensure that information was disseminated to me and I was not treated fairly like other reading teachers.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

11/6/06   Brenda Barnes-George
Date      Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Brenda Barnes-George

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Nov. 2006

WINSTON K. Oshea
Notary Public, State of New York
Qualified in Westchester County
Term Expires Feb. 28, 2010

EOC Form 5 (5/04)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 520-2006-03114 |

*N.Y.S. Division of Human Rights* _____ and EEOC

State or local Agency, if any

THE PARTICULARS ARE *(Continued from previous page):*

I charge that Ms. Carole-Ann Dunleavy and Ms. Beverly Nash acted in a discriminator way.

Please see attached pages 1-10.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State or Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

11/6/06

Date

Charging Party Signature

WINSTON DAVID
Notary Public, State of New York
No. 01DA6066435
Qualified in Westchester County
Term Expires Feb. 23, 2010

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Nov. 2006

## Acts of Discrimination

I am the Reading Teacher at Paideia School 15 in the Yonkers Public School District in Yonkers, New York. The respondents are Ms. Sharon Woods, Executive Director, Elementary Administration, my principal, Ms. Carole-Ann Dunleavy and former assistant principal Ms. Beverly Nash. I have not previously filed a charge or complaint with any state or local civil rights agency based on the same discriminating actions.

I have received discriminator treatments based on the following incidences described hereafter:

During the 2004-05 school year my supervisor failed to observe me in the classroom, however, she submitted an unsatisfactory evaluation regarding my work performance on June 2005. The other teachers were observed or/not observed; however, they received a satisfactory job performance evaluation. My principal, Ms. Carole-Ann Dunleavy included comments by fellow teachers to be part of my yearly evaluation. In the past, when my colleagues expressed difficulties in working with each other the principal met with the different parties. For the negative comments to be included in my yearly evaluation without giving me any attempt to refute the claims of my colleagues, this act constitutes a discriminator action by the principal. My Caucasian colleagues are directed to confer with each other and work out their differences; however, I was denied an opportunity to challenge their claims without merit. Ms. Dunleavy stated that she and the Superintendent of Schools, Mr. Bernard P. Pierorazio would review my evaluation, however, I waited and I never received any notification as to the outcome of the meeting. See memorandum dated October 26, 2005

On May 13, 2005, the Assistant Principal, Ms. Beverly Nash placed a letter in my file and indicated that I pushed her as I departed the workplace to pick up my son who had become ill while attending school. I totally denied the claim and we had a meeting a few

Page 2

days later to discuss the alleged pushing incident. At that time, it was stated that if I transferred out of the school my yearly evaluation would be written in a more positive manner. Normally staff members are not treated in this fashion and when it was stated that the alleged incident of pushing Ms. Nash could be taken care of if I took certain  steps this was an outright act of harassment and discrimination. Once again when the second transfer list came out, my principal confronted me about whether or not I had put in a transfer slip. Ms. Dunleavy stated that she was inquiring whether or not to give me a clean slate on the evaluation.  This was an effort to intimidate me and influence me to leave my school, Paideia School 15. **See memorandum dated October 26, 2006.**

Per my principal's verbal notification on September 22, 2005, I was required to submit a written request when I needed to meet with the administration regarding my reading program. I was the only teacher that this undue burden was imposed upon. My Caucasian colleagues were not subject to this type of policy and I found it degrading and highly prejudicial. **See memorandum dated September 23, 2005**

In June of each year the reading teachers are allowed to have access to all the reading scores which are provided by the principal of their school. In June 2005, when the Terra Nova and ELA reading scores for each designated grade arrived at my school, I requested to see the scores. I was never allowed to view the scores nor was I given a copy. It is imperative to have the reading scores of each student so that I can work with the classroom teachers to make preparations for the upcoming school year. Again I requested the reading scores for my students in September 2005. I was given partial reading scores at different intermittent time periods.  The time periods are as follows:

- **I was given 4th Grade ELA scores on 9/12/05**
- **TerraNova scores for grades 1 and 2 on 9/14/05**
- **I never received the TerraNova scores for grades 3 and 5.**

The other reading teachers in the Yonkers Public School System have access to the scores per their supervisor. I was denied these basic scores which would help me to better judge my effectiveness and properly plan my students' class groups. as a reading teacher at Paideia School 15.

In schools where there is only one reading teacher, he or she is allowed to be one of the table leaders during the grading of the State's English Language Arts (ELA) Test. Since I have worked under my present principal, Ms. Carole Ann Dunleavy, I have only been assigned table leader once. For the school year 2004-05, I was assigned to pass out and collect the test papers from each group that was checking papers. During the school year 2005-06, I was assigned to grade the 5th grade ELA test; however, I was not assigned a table leader slot. In addition, even though I am qualified, I have never been recommended to be a District Scoring Table Leader. For the school year 2005-06 throughout the district, other reading teachers have been assigned to administer the 1st grade TerraNova Test and the 2nd grade TONYS's Test to students in their schools, however, I was not assigned to administer the test in my school.

A district memorandum was issued by Ms. Sharon Woods (Executive Director-Elementary Administration) for teachers to attend training for the new English Language Arts, Grades 3-8 assessments, most of the teachers were reading and ELL teachers. Even though I am the only reading teacher in my school, my name was not included so that I would be able to help with the training of staff members on new developments regarding the test. Throughout the district, the reading teacher trains staff members on new guidelines, etc. as it relates to the various state tests such as the Terra Nova and English Language Arts (ELA) Test, I was not allowed or permitted to train colleagues during Staff Development and this hinders my professional development. See memorandum addressed to **Elementary and Middle School Principals from Sharon Woods.**

Page 4

On many occasions, my principal prevented me from making important deadlines to the District Office and refused to allow me to view important memorandum as it related to reading teachers. I found out about the previously stated memorandum that Ms. Sharon Woods sent to the principals when a reading teacher inquired about my future attendance at the meeting. At that point, I stated that I did not know about the meeting and the reading teacher gave me a copy of her memorandum that was given to her by her principal. A thirteen page draft chart with names of teachers who were designated to participate in the ELA scoring of Grades 3 through 5 was not shown or given to me by my principal. Instead, another reading teacher gave me a copy of the chart that was given to her by her principal. It was my understanding that an additional chart was submitted by the district and I was not allowed to view the chart. As a result, I found out my assignment via my principal the day before the grading of the ELA Test. **See memorandums dated August 22, 2005, September 29, 2006, October 14, 2005, October 20, 2005, the fax dated October 12, 2005 and the Thirteen Page Chart - ELA Scoring.**

On three occasions, a Caucasian colleague Mr. Christopher Fontenova displayed emotional outbursts towards me in the presence of students in the classroom and in the hallway. His behavior was threatening and intimidating to me and the students. I reported all the incidents to my principal, Ms. Carole Ann Dunleavy, and on Friday, October 28, 2005, I inquired about how the incidents would be dealt with in regards to Mr. Fontenova's outburst. Ms. Dunleavy only acknowledged one of the incidents as a display of unprofessional behavior and she did not discuss what measures were being taken to remedy the situation.

On November 7, 2005, a meeting was convened to discuss the negative encounters with by Mr. Fontenova. The principal, Ms. Carole Ann Dunleavy, Assistant Principal, Ms. Beverly Nash, Mr. Christopher Fontenova, two union representatives, Mr. Mitchell Polay, Mr. Harris Dollinger, and I were present at the meeting. My principal did

not create a climate whereby I could feel free to ask questions in relations to the incidents. Instead, I was spoken to in a very demeaning tone and she stated, "Must you always have the last word?" I was not allowed to mention one of the incidents and the other two incidents were dismissed because of the lack of witnesses. My principal refused to acknowledge the fact that students expressed to me that they were frightened by Mr. Christopher Fontenova's unprofessional outburst. **See memorandum dated January 27, 2006.**

My principal refused to allow me to have congruence meeting in my room; however, other staff members are allowed to have various types of meetings in their room. During a congruence meeting which was held in Ms. Carole Ann Dunleavy's office on Monday, January 9, 2006, I was not offered the same type of sitting arrangements as was offered to my Caucasian colleagues. My Caucasian colleagues were sitting in adult size chairs however, when I entered the room the Assistant Principal, Ms. Beverly Nash gave me a small blue student's chair. During the same meeting, Ms. Carole Ann Dunleavy stood by as my Caucasian colleagues (Mrs. Stephanie Seltzer, Mrs. Cristina Hinze, Ms. Christina Vetrano, and Mr. Joseph Scappaticci) criticized my lessons and stated what I should and should not teach to my students. Since my principal had been checking my lesson plan for approximately two months, I felt that she should have concurred that I was teaching appropriate lesson to my students. I had received positive comments on all lessons plans returned to me prior to January. In additional, I have not heard of or seen any other teacher enduring the same type of scrutiny that I experienced during January 9th's congruence meeting. **See memorandum dated January 27, 2006**

During the 2005-06 School year, I conducted two school wide events which included The Summer Reading Program on September 30, 2006 and The Annual 2006 Read Aloud Day on April 24, 2006. The Summer Reading Program entails a forty minute ceremony celebrating all students who read a particular number of books during the summer months. The Annual 2006 Read Aloud Day consist of parents, district and community

Page 6

leaders in attendance at the school to read to students in the various classrooms. My principal did not render the same type of support to the above stated programs coordinated by me as was offered to other programs presented by other staff members. The following support was offered to other programs in the school:

➢ The Assistance Principal would check the school calendar where all the events are written and then she would automatically write the event's date and time on the teachers' board so the faculty would see events that would occur for the present week. My Principal of Assistant Principal would announce over the loud speaker and during faculty conference the particulars of the events **days in advance.** Faculty and students were encouraged many times to support the particular events.

➢ For many of the events, the media was called in to cover key elements of the school activity.

➢ After the event had concluded, the principal would commend the coordinators for a job well done over the loud speaker and during the faculty conference.

➢ The principal applauded the fact in a Faculty Conference in 2005 that the teacher who coordinators an event in May had met a political leader and that he would possible come to our school. She stated that she looked forward to his visit if he did appear at the particular event.

**The following type of support listed below was offered to the programs coordinated by the Reading Teacher:**

➢ **Even though, the Summer 2005 Reading Program's date and time was written on the school calendar, the date and time was not written on the teacher's board until I reminded the Assistant Principal several times.**

➢ **For the Summer Reading Program and the Annual 2006 Read Aloud Day, the Principal announced the events over the loud speaker the day before the scheduled event occurred and she didn't make note of the events during the Faculty Conference.**

➢ **I inquired about whether or not the media had been informed about the events and the principal stated that it was being taken care of. However, the media was never present at any of the events I coordinated.**

➢ **A record number of students participated in the Reading Summer Program in September 2005 and the Superintendent of the Yonkers Public School came to participate in the Annual 2006 Read Aloud, however, the Principal did not offer any type of acknowledgement to the coordinator over the loud speaker or during the Faculty Conference.**

➢ **Other Reading Teacher in the Yonkers Public School District are allowed to invite Community leaders to read to the students in the various classrooms, however, the Principal did not allow me this option. For the past two years, the principal has made it quite clear that she did not want any Community leaders at the Annual 2006 Read Aloud.**

On Monday, June 12, 2006, Assistant Principal, Ms. Beverly Nash engage me in a confrontational manner by stating, "You didn't even say excuse me" as I walked passed her in the doorway of the Principal's office. I have never observed the Assistant Principal engage other staff members in such a confrontational manner. **See memorandum dated June 13, 2006.**

Although I received a Satisfactory Rating on my 2006 Annual Evaluation, the comments stated by my principal were not reflective of a satisfactory rating. Most of the positive accomplishments that I achieved were not recorded. **My comments/response to the 2006 Annual Evaluation is forth coming and I will submit them to your office thereafter.**

For the new school year 2006-07, per my principal's directive, I requested from the new Assistant Principal, Ms. Leslie Hamilton suggestion about the logistic of the Summer 2006 Reading Celebration. The assistant principal met with me on Tuesday, October 3, 2006 whereas we discussed the sitting arrangement of students and other pertinent etc. A key point was that Ms. Hamilton suggested that the students walk on stage and receive their medals and then they would walk directly to the back of the auditorium to get refreshment. At that point, the assigned class parent would escort students immediately to the classroom. I meet with parents the day before and the day of the event to explain what had been relayed to me by Ms. Hamilton. However, approximately fifteen minutes

before the program commenced, the principal, Ms. Carole-Ann Dunleavy stated that she preferred that the students go back to their seats after they received their medals. At the last minute, I had to give out a new set of directives to the parents. This type of last minute change did not show that I was organized in planning the event and it nearly caused mass confusion. I couldn't understand why the principal did not relay her guidelines during my meeting with the assistant principal.

**See memorandum dated September 29, 2006.**

On October 25, 2006, I conducted the Parent Child Bookbag workshop in my school library where approximately thirteen parents confirmed their attendance. A few days prior to each workshop, I assembly activities, a folder with pertinent information, the agenda etc. to be disseminated to the parents. For each workshop that I facilitated, I will prepare a few additional folders and activity materials for parents who may stop by at the last minute. However, I did not have enough folders or activity materials for all of the parents due to the fact that my principal placed a reminder taped telephone message the night before to all the 1st and 2nd grade parents that the workshop would take place the following morning. My principal informed me the morning of the workshop (approximately 8:40 A.M.) that she had authorized the message to be sent to parents and that she expected more parents would attend the workshop. I did not have time to assembly more activities, etc. since the parent workshop was scheduled to begin at 9:00 A.M. Even though, I was elated that so many more parents attended the workshop, it created a disruption to the flow of the program not having the previously stated information prior to my meeting with the parents. Once again, the situation created a sense of lack of organization and several parents were annoyed that they did not have the materials.

On October 12, 2006, I was scheduled to attend Turnkey Trainers for Writing Protocols Workshop from 8:30 – 10:30 A.M; however, I did not receive notification until the morning of the workshop. The principal claimed that she called my house the night

before (Wednesday, October 11, 2006) and she stated that she did not know why I did not receive the notice prior to Thursday, October 12, 2006.  I inquired to other teachers about when they received notification about the workshop; the individuals stated that they were informed during school hours as early as Friday, October 6, 2006.  I could not understand why Ms. Sharon Woods' didn't ensure that all the teachers received notification of the Writing Protocols Workshop at the same time period.  In addition, my principal told me that she would inquire about additional training for me based upon the fact I arrived at the workshop late. However, I never received any information about further training. In addition, I have not received any information about the length of the presentation, etc.  all information is being communicated to me through my colleague, Mr. Harris Dollinger. **See memorandum dated October 16, 2006.**


On October 25, 2006, the ELL teacher, Mr. Harris Dollinger and I attended an Elementary Reading/ESL Teacher Professional Development Workshop.  Angela C. Pagano, Director, Title I/ESL Services explained to the teachers that we should share the information with staff members in our congruence and or Staff Development meeting. My principal clearly stated during the Professional Development Meeting on Tuesday, October 31, 2006 that she asked Mr. Dollinger to conduct a workshop on vocabulary development. On Monday, October 30, 2006 at approximately 1:40 P.M., Mr. Dollinger informed me that he had been asked by the principal earlier that morning to conduct a workshop regarding some of the strategies we had learned on October 25, 2006.  He stated that I could join him; however, it was not clear if the directive was coming from my colleague or the principal.  In my school, when two teachers attend the same workshop, the teachers will make the presentation together per the principal directive.

**See Elementary Reading/ESL Teachers Professional Development dated October 25-26, 2006 and Professional Development Meeting dated Tuesday, October 31, 2006.**

**Page 10**

On June 22, 2006, I made a request to Dr. Marta Lugo, Director of Personnel/Human Resources to retrieve a copy of all documents placed in my personnel file from May 2005 until June 2006. In addition, I requested the rules and regulation of the Personnel Department where as a staff member can obtain his or her personnel file. As of November 2, 2006, I have not received notification that I can retrieve a partial copy of my personnel file nor have I received the rules and regulation of the Personnel Department.

**See memorandum dated June 22, 2006.**

**Conclusion:**

I have included memorandums dated March 18, 2005, March 29, 2005, May 13, 2005, May 15, 2005 and May 27, 2005 for you to review. I am not totally sure if some of the harassment type of behavior that I have endured is due to my marriage/affiliation with a prominent leader in the community. I hope that the Equal Employment Opportunity Commission will investigate my claims since I feel there will be a continued effort to discredit my job performance which could eventually terminate my employment with the Yonkers Public School District. I only have one witness who has said she is willing to speak and talk about the hostile climate that transpired last school year and possibly one teacher who may discuss my frustrations that I expressed to her. I have always put forth my best efforts to complete all of my assignments to the best of my ability, inspite of the fact I do not have a teacher aide as many of the other reading teachers throughout the district. I was told that I did not receive a teacher aide due to my school does not fall under the poverty level.

My witness is  **Ms. Rachel Ali**
                **Former secretary of Paideia School 15**
                **She is presently a secretary at Roosevelt High School.**

EXHIBIT "C"

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

SOUTHERN ———— DISTRICT OF ——— NEW YORK

Brenda Barnes-George

*Index No.* 07 CIV 9660

*Plaintiff(s) Petitioner(s)*

against

Yonkers Public Schools, Sharon Woods,
Carole-Ann Dunleavy + Beverly Nash

*Defendant(s) Respondent(s)*

Calendar No.

AFFIDAVIT
OF
SERVICE

being sworn

ORANGE    COUNTY, NEW YORK STATE:    MICHAEL CRUDELE

says: Deponent is not a party herein, is over 18 years of age and resides at    66 Hickory Drive, Campbell Hall, NY

On  2-12-2008  at 1015 A .M., at  Larkin Plaza  Yonkers N.Y

deponent served the within ☐ summons  ☐ with notice

☒ summons and complaint

☐ notice of petition and petition

☐ subpoena  ☐ subpoena duces tecum

☐ summons, Spanish summons and complaint, the language required by NYCRR 2900.2(e), (f) & (h) was set forth on the face of the summons(es)

☐ citation

☒ United States District Court

on  Carole-Ann Dunleavy
C/O Yonkers public School District

☒ defendant  (hereinafter
☐ respondent  called    therein named
☐ witness  the recipient)

**INDIVIDUAL 1.** ☐ by delivering a true copy *of each* to said recipient personally; deponent knew the person so served to be the person described as said recipient therein.

**CORPORATION 2.** ☒ a  Educational  corporation, by delivering thereat a true copy *of each* to  Bernard P Pierorazio  personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be  Superintendent of Schools  thereof.

**SUITABLE AGE PERSON 3.** ☐ by delivering thereat a true copy *of each* to  Bernard P Pierorazio Superintendent of Schools  a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO DOOR, ETC. 4.** ☐ by affixing a true copy *of each* to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4 5A.** ☐ Deponent talked to    at said premises who stated that recipient ☐ lived ☐ worked there. Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipient's last known residence, at    and deposited said envelope in an official depository under exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4 5B.** ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's actual place of business, at    in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

**DESCRIPTION** ☒

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ Male | ☒ White Skin | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs |
| ☐ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☒ 5'4"-5'8" | ☐ 131-160 Lbs |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☒ 51-65 Yrs. | ☐ 5'9"-6'0" | ☒ 161-200 Lbs |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs |

Other identifying features:

**WITNESS FEES** $    the authorizing traveling expenses and one days' witness fee:    ☐ was paid (tendered) to the recipient
☐ was mailed to the witness with subpoena copy.

**MILITARY SERVICE** ☒ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.
Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Michael Crudele

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

SOUTHERN    DISTRICT OF    NEW YORK

Brenda Barnes-George

Index No. 07 CIV 9660

Plaintiff(s) Petitioner(s)

against

Yonkers Public Schools, Sharon Woods,
Carole Ann Dunleavy + Beverly Nash

Defendant(s) Respondent(s)

Calendar No.

AFFIDAVIT
OF
SERVICE

being sworn

ORANGE    COUNTY, NEW YORK STATE:    MICHAEL CRUDELE

says: Deponent is not a party herein, is over 18 years of age and resides at    66 Hickory Drive, Campbell Hall, NY

On  2-12-200 8  at 10:15 A  .M. at  Larkinplaza  Yonkers N.Y

deponent served the within

- [ ] summons  [ ] with notice
- [x] summons and complaint
- [ ] notice of petition and petition
- [ ] subpoena  [ ] subpoena duces tecum

- [ ] summons, Spanish summons and complaint, the language required by NYCRR 2900.2(c), (f) & (h) was set forth on the face of the summons(es)
- [ ] citation
- [x] United States District Court

on  Beverly Nash
     C/O Yonkers Public School District

- [ ] defendant  (hereinafter
- [ ] respondent    called    therein named
- [ ] witness    the recipient)

INDIVIDUAL
1. [ ]  by delivering a true copy of each to said recipient personally; deponent knew the person so served to be the person described as said recipient therein.

CORPORATION
2. [x]  a    corporation, by delivering thereat a true copy of each to
personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be thereof

SUITABLE
AGE PERSON
3. [x]  by delivering thereat a true copy of each to  Bernard P Pierorazio Superintendent of Schools  a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business [ ] dwelling place [ ] usual place of abode within the state.

AFFIXING TO
DOOR, ETC.
4. [ ]  by affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business [ ] dwelling place [ ] usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there

Deponent talked to    at said premises who stated that recipient [ ] lived [ ] worked there.

MAILING TO
RESIDENCE
USE WITH 3 OR 4
5A. [ ]  Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipient's last known residence, at
and deposited said envelope in an official depository under exclusive care and custody of the U.S. Postal Service within New York State.

MAILING TO
BUSINESS
USE WITH 3 OR 4
5B. [ ]  Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

DESCRIPTION
[x]

| | | | | | | |
|---|---|---|---|---|---|---|
| [x] Male | [x] White Skin | [x] Black Hair | [ ] White Hair | [ ] 14-20 Yrs. | [ ] Under 5' | [ ] Under 100 Lbs |
| [ ] Female | [ ] Black Skin | [x] Brown Hair | [ ] Balding | [ ] 21-35 Yrs. | [ ] 5'-5'3" | [ ] 100-130 Lbs. |
| | [ ] Yellow Skin | [ ] Blonde Hair | [ ] Mustache | [ ] 36-50 Yrs. | [x] 5'4"-5'8" | [ ] 131-160 Lbs. |
| | [ ] Brown Skin | [ ] Gray Hair | [ ] Beard | [x] 51-65 Yrs. | [ ] 5'9"-6'0" | [ ] 161-200 Lbs. |
| | [ ] Red Skin | [ ] Red Hair | [ ] Glasses | [ ] Over 65 Yrs. | [ ] Over 6' | [x] Over 200 Lbs |

Other identifying features:

WITNESS
FEES
$    the authorizing traveling expenses and one days' witness fee;
- [ ] was paid (tendered) to the recipient
- [ ] was mailed to the witness with subpoena copy.

MILITARY
SERVICE
[x]
I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.
Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Michael Crudele

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

SOUTHERN ____ DISTRICT OF ____ NEW YORK

Brenda Barnes-George

Index No. 07 CIV 9660

Plaintiff(s) Petitioner(s)

against

Yonkers Public Schools, Sharon Woods, Carole-Ann Dunleavy & Beverly Nash

Defendant(s) Respondent(s)

Calendar No.

AFFIDAVIT
OF
SERVICE

being sworn

ORANGE    COUNTY, NEW YORK STATE:    MICHAEL CRUDELE

says: Deponent is not a party herein, is over 18 years of age and resides at    66 Hickory Drive, Campbell Hall, NY

On  2-12-2008  at  10:15 A.M., at  Larkin Plaza Yonkers N.Y

deponent served the within  ☐ summons  ☐ with notice

☐ summons, Spanish summons and complaint, the language required by NYCRr 2900.2(c), (f) & (h) was set forth on the face of the summons(es)

☒ summons and complaint

☐ notice of petition and petition

☐ citation

☐ subpoena  ☐ subpoena duces tecum

☒ United States District Court

on  Sharon Woods
c/o Yonkers Public School District

☒ defendant  (hereinafter
☐ respondent  called  therein named
☐ witness  the recipient)

INDIVIDUAL 1. ☐  by delivering a true copy of each to said recipient personally; deponent knew the person so served to be the person described as said recipient therein.

CORPORATION 2. ☒  a  Educational  corporation, by delivering thereat a true copy of each to  Bernard P Pierorazio
personally, deponent knew said corporation so served to be the corporation described in same as said recipient and knew said individual to be  Superintendent of Schools  thereof.

SUITABLE AGE PERSON 3. ☒  by delivering thereat a true copy of each to  Bernard P Pierorazio Superintendent of Schools  a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

AFFIXING TO DOOR, ETC. 4. ☐  by affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there.

MAILING TO RESIDENCE USE WITH 3 OR 4 5A. ☐  Deponent talked to ____ at said premises who stated that recipient ☐ lived ☐ worked there. Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipient's last known residence, at ____ and deposited said envelope in an official depository under exclusive care and custody of the U.S. Postal Service within New York State.

MAILING TO BUSINESS USE WITH 3 OR 4 5B. ☐  Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at recipient's actual place of business, at ____ in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

DESCRIPTION ☒

| | | | | | |
|---|---|---|---|---|---|
| ☒ Male | ☒ White Skin | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☒ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☒ 51-65 Yrs. | ☐ 5'9"-6'0" | ☒ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

WITNESS FEES  $ ____ the authorizing traveling expenses and one days' witness fee;
☐ was paid (tendered) to the recipient
☐ was mailed to the witness with subpoena copy.

MILITARY SERVICE ☒  I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.

Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

JO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

SOUTHERN                DISTRICT OF   NEW YORK

Brenda Barnes-George

Index No. 07 CIV 966

against

Yonkers Public Schools, Sharon Woods,
Carole Ann Dunleaux & Beverly Nash

Plaintiff(s) Petitioner(s)

ORANGE   COUNTY, NEW YORK STATE:

Defendant(s) Respondent(s)

Calendar No.

AFFIDAVIT
OF
SERVICE

says: Deponent is not a party herein, is over 18 years of age and resides at   MICHAEL CRUDELE

On  2-12-2008  at 1:15 A.M., at  Larkin Plaza Yonkers N.Y
deponent served the within

66 Hickory Drive, Campbell Hall, NY

being sworn

☐ summons   ☐ with notice
☒ summons and complaint
☐ notice of petition and petition
☐ subpoena   ☐ subpoena duces tecum

☐ summons, Spanish summons and complaint, the language required by NYCRR
2900.2(c), (f) & (h) was set forth on the face of the summons(es)

☐ citation
☒ United States District Court

on  Yonkers Public School District

☐ defendant   (hereinafter
☐ respondent   called
☐ witness   the recipient)

therein named

INDIVIDUAL
1. ☐

by delivering a true copy of each to said recipient personally; deponent knew the person so served to be the person described in said
recipient therein.

CORPORATION
2. ☒

a  Educational   corporation, by delivering thereat a true copy of each to  Bernard P Pierorazio
personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be
Superintendant of Schools   thereof

SUITABLE
AGE PERSON
3. ☐

by delivering thereat a true copy of each to
age and discretion. Said premises is recipient's  ☐ actual place of business  ☐ dwelling place  ☐ usual place of abode within the state.

AFFIXING TO
DOOR, ETC.
4. ☐

by affixing a true copy of each to the door of said premises, which is recipient's  ☐ actual place of business  ☐ dwelling place  ☐ usual place of
abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there

a person of suitable

MAILING TO
RESIDENCE
USE WITH 3 OR 4
5A. ☐

Deponent talked to
Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipient's last
known residence, at
and deposited said envelope in an official depository under exclusive care and custody of the U.S. Postal Service within New York State.

at said premises who stated that recipient  ☐ lived  ☐ worked there.

MAILING TO
BUSINESS
USE WITH 3 OR 4
5B. ☐

Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to recipient at
recipient's actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal
and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or
concerned an action against the recipient.

DESCRIPTION
☒

☒ Male
☐ Female

☒ White Skin
☐ Black Skin
☐ Yellow Skin
☐ Brown Skin
☐ Red Skin

☒ Black Hair
☒ Brown Hair
☐ Blonde Hair
☐ Gray Hair
☐ Red Hair

☐ White Hair
☒ Balding
☐ Mustache
☐ Beard
☐ Glasses

☐ 14-20 Yrs.
☐ 21-35 Yrs.
☐ 36-50 Yrs.
☒ 51-65 Yrs.
☐ Over 65 Yrs.

☐ Under 5'
☐ 5'0"-5'3"
☒ 5'4"-5'8"
☐ 5'9"-6'0"
☐ Over 6'

☐ Under 100 Lbs
☐ 100-130 Lbs
☐ 131-160 Lbs
☒ 161-200 Lbs.
☐ Over 200 Lbs

Other identifying features:

WITNESS
FEES
☐

$
the authorizing traveling expenses and one days' witness fee;

☐ was paid (tendered) to the recipient
☐ was mailed to the witness with subpoena copy.

MILITARY
SERVICE
☒

I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatsoever
and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my
belief are the conversations and observations above narrated.
Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either
the State or in the Federal statutes.

EXHIBIT "D"

MAR-24-2008 12:20 FROM:DONOGHUE THOMAS    8452276873    TO:8452941623    P.2/2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

BRENDA BARNES-GEORGE,

                              Plaintiff,                    **PROPOSED**

            -against-
                                                           **BRIEFING SCHEDULE**

YONKERS PUBLIC SCHOOL DISTRICT,
SHARON WOODS, CAROLE-ANN DUNLEAVY,                         Case No. 07cv9660
and BEVERLY NASH,

                              Defendants.                  Honorable Stephen C. Robinson

-------------------------------------------------------------------X

IT IS HEREBY STIPULATED and agreed between the parties that the Proposed Briefing

Schedule, as required under Part II[A][3] of the Hon. Stephen C. Robinson's Individual Part Rules for

Defendants' Motion to Dismiss in the above-captioned matter is as follows:

1.   Plaintiff's Opposition Papers due April 7, 2008;

2.   Defendants' Reply Papers due April 11, 2008;

3.   Motion Returnable on April 14, 2008;

4.   Appearance required (if necessary) on date set forth by the Court.

Dated: Hopewell Junction, New York
       March 24, 2008

MICHAEL H. SUSSMAN (3497)                    NEELANJAN CHOUDHURY (2342)
SUSSMAN & WATKINS                            DONOGHUE, THOMAS, AUSLANDER & DROHAN, LLP
Attorney for Plaintiff                       Attorney for Defendants
40 Park Place                                2517 Route 52
PO Box 1005                                  Hopewell Junction, NY 12533
Goshen, NY 10924                             Tel:   (845) 227-3000
Tel:   (845) 294-3991                        Fax:   (845) 227-6873
Fax:   (845) 294-1623

P.003/003    8452941623(XA3)    SNIXTAM & NAWSSUS    42:51 (NOW)8002-42-ЯАМ