UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BRENDA BARNES-GEORGE,

                Plaintiff,                          Case No. 07cv9660

    -against-

                                                          Honorable Stephen C. Robinson

YONKERS PUBLIC SCHOOL DISTRICT,
SHARON WOODS, CAROLE-ANN DUNLEAVY,
and BEVERLY NASH,

                Defendants.
------------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

DONOGHUE, THOMAS, AUSLANDER & DROHAN, LLP
Attorneys for defendants the Yonkers Public School District,
Sharon Woods, Carol-Ann Dunleavy, and Beverly Nash
2517 Route 52
Hopewell Junction, NY 12533
Tel. No. (845) 227-3000
Fax No. (845) 227-6873

## PRELIMINARY STATEMENT

This memorandum is made in support of the defendants' motion, seeking dismissal.

The motion is brought on the grounds that: 1) significant portions of plaintiff's allegations are barred by the applicable statute of limitations; 2) and plaintiff failed to serve the summons and complaint against defendants Sharon Woods ("Woods"), Carole-Ann Dunleavy ("Dunleavy") and Beverly Nash ("Nash").

## STATEMENT OF FACTS

The Parties

The District is an educational corporation established under the laws of the State of New York, with administrative offices located at One Larkin Center, Yonkers, New York 10701.

Woods is a former employee of the District. Woods was most recently employed as the Executive Director of Elementary Administration with the District, with my office located at One Larkin Center, Yonkers, New York [see, Exhibit "A", Woods Affidavit, para. 1].

Dunleavy is a former employee of the District. Dunleavy was most recently employed by the District as principal of the District's Paideia School 15, located at 175 Westchester Avenue, Yonkers, NY 10707 [see, Exhibit "A", Dunleavy Affidavit, para. 1].

Nash is currently employed by the District as an assistant principal at the Emerson Middle School, located at 160 Bolmer Avenue, Yonkers, NY 10703 [see, Exhibit "A", Nash-Turner Affidavit, para. 1].

According to the Complaint, plaintiff is an employee with the District, currently assigned as a reading teacher at Paideia School 15 within the District.

Background

Plaintiff appears to have commenced this action on the basis that defendants discriminated against plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964 [42 USC §§ 2000e – 2000e17] [see, Exhibit "B", copy of Summons and Complaint].

## ARGUMENT

## POINT I

### THE MAJORITY OF PLAINTIFF'S CLAIMS ARE TIME BARRED

An employee alleging discrimination on the basis of race and in violation of Title VII of the Civil Rights Act of 1964 must file a charge, or have a charge filed on his or her behalf, within three hundred (300) days of the alleged discriminatory employment practice if the alleged discriminating employer is a State or local agency. 42 U.S.C.A. § 2000e-5[e][1] (West 2008). "[I]f the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court." Ledbetter v. Goodyear Tire & Rubber Co., Inc., 127 S.Ct. 2162, 2166-67 [2007]. This effectively creates a statute of limitations. An "employment practice" refers to a single discrete act or occurrence. Id. at 2169. A Title VII claim is time barred if the claim is not filed within the 300 day time limit. Id. at 2172. With a series of actionable wrongs, a timely EEOC charge must be file with each and every alleged discriminatory employment practice. Id. at 2175.

Plaintiff alleges the defendants engaged discriminatory acts on the following dates: August 22, 2005; September 23, 2005; October 12, 2005; October 14, 2005; October 20, 2005; October 26, 2005; January 27, 2006; June 13, 2006; June 22, 2006; September 29, 2006; and October 16, 2006 [Exhibit "B", Complaint, p. 3]. Plaintiff further alleges that she first filed a charge with the EEOC on November 6, 2006. Id.

To the extent the Complaint seeks relief for the acts of discrimination alleged to have taken place on August 22, 2005; September 23, 2005; October 12, 2005; October 14, 2005; October 20, 2005; and October 26, 2005, each claim must be treated individually. Ledbetter v. Goodyear, 127 S.Ct. at 2169, 2175. Therefore, these claims should be dismissed as they are alleged to have taken

4

place more than 300 days prior to plaintiff's filing of a notice of unlawful employment practice on November 6, 2006. Id. at 2172.

## POINT II

### PLAINTIFF HAS FAILED TO PROPERLY SERVE THE DEFENDANTS

An individual within a judicial district of the United States must be serve in the following manner: 1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or 2) delivering a copy of the summons and of the complaint to the individual personally; or 3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or 4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4[e].

Plaintiff's Affidavits of Service for service of papers on Woods and Dunleavy both state that Woods and Dunleavy were served at One Larking Center, Yonkers, New York on February 12, 2008, care of Yonkers Public School District [see, Exhibit "C"]. However, both Woods and Dunleavy have retired from the District and have not been served with the Summons and Complaint [see, Exhibit "A", Woods Affidavit, para 1-3; Dunleavy Affidavit, para 1-4]. Plaintiff's Affidavit of Service for service of papers on defendant Nash also states that Nash was served at One Larking Center, Yonkers, New York on February 12, 2008, care of Yonkers Public School District [see, Exhibit "C"]. However, Nash has not been personally served with the Summons and Complaint [see, Exhibit "A", Nash-Turner Affidavit, para. 1-2].

It is unclear from plaintiff's Complaint whether defendants Nash, Woods and Dunleavy are

named as defendants in only their official capacities or whether they are also named as defendants in their individual capacities. In either case, plaintiff failed to effectuate proper service under FED. R. CIV. P. 4[e], and all claims against them should be dismissed.

## CONCLUSION

## THE DEFENDANT'S MOTION SHOULD BE GRANTED, IN ALL RESPECTS.

Dated: Hopewell Junction, New York
March 24, 2008

                                    Yours, etc.

                                    By Neelanjan Choudhury, Esq. (NC2342)
DONOGHUE, THOMAS, AUSLANDER & DROHAN, LLP
Attorneys for Defendants
Yonkers Public School District, Sharon Woods, Carol-Ann Dunleavy, and Beverly Nash
2517 Route 52
Hopewell Junction, New York 12533
Tel.:  (845) 227-3000
FAX:  (845) 227-6873

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

BRENDA BARNES-GEORGE,

                Plaintiff,

- against -

YONKERS PUBLIC SCHOOL DISTRICT,
SHARON WOODS, CAROLE-ANN DUNLEAVY,
and BEVERLY NASH,

                Defendants.

------------------------------------------------------X

AFFIDAVIT OF SERVICE

Case No.: 07cv9660

STATE OF NEW YORK   )
                        )ss.:
COUNTY OF DUTCHESS )

    Deborah Lewis, being duly sworn, deposes and says:

    That I am an employee of the firm of Donoghue Thomas Auslander & Drohan LLP, am not a party to this action, and I am over the age of 18 years of age and reside in Poughkeepsie, New York.

    That on the 24th day of March, 2008, deponent served a true copy of Defendant's Memorandum of Law in Support of Motion to Dismiss, with respect to the above-referenced matter upon:

                Michael H. Sussman, Esq.
                Sussman & Watkins
                40 Park Place
                P.O. Box 1005
                Goshen, New York 10924

by mailing same in a sealed envelope, properly addressed, with postage prepaid thereon and by depositing same in an official depository for regular delivery under the exclusive care and custody of the United States Postal Service within the State of New York.

                _/s/ Deborah Lewis_
                Name

Sworn to before me this 24th day
of March, 2008

_/s/ Lori A. Agosta_
Notary Public

LORI A. AGOSTA
Notary Public, State of New York
No. 4888781
Qualified in Dutchess County
Commission Expires April 6, 20_11_