UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BRENDA BARNES-GEORGE,

        Plaintiff,

vs.                                      Case No. 07 cv 9660 (SCR)

YONKERS PUBLIC SCHOOL
DISTRICT, SHARON WOODS,
CAROLE-ANN DUNLEAVY
and BEVERLY NASH,

        Defendants.
-----------------------------------------------------------x

PLAINTIFF'S MEMORANDUM IN LAW IN OPPOSITION TO
**DEFENDANTS' MOTION TO DISMISS**

### I. THE MOTION BY INDIVIDUALS TO DISMISS SHOULD BE GRANTED THOUGH ON DIFFERENT GROUNDS THAN THOSE DEFENDANTS CITE

Then *pro se*, plaintiff filed a Summons and Complaint alleging that defendants discriminated against her on the basis of her race when they provided her inferior terms and conditions of employment. Specifically, plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964, as amended, in that she was denied the employment opportunities and training and subject to harassment based upon her race.

The proper subject of a Title VII suit is the employer, not agents of the employer, like administrators employed by the district. For the purposes of Title

Page
-1-

VII, unlike 42 U.S.C. sec. 1983, the acts of such subordinates are ascribed to the school district or public employer, and these individuals need not be named as defendants. Accordingly, on behalf of the plaintiff, suit should be discontinued with prejudice against the individual plaintiffs, whether served to date or not, and continued only against the school district, which admits service.

## II. PLAINTIFF'S CLAIMS ARE NOT TIME-BARRED

Plaintiff filed her EEOC complaint on November 6, 2006. In New York, any discrete discriminatory action taken within 300 days of that date would be timely brought within that complaint. A review of the plaintiff's claims shows that most of the matters complained of therein occurred before January 6, 2006. It is also apparent, however, that plaintiff contends that identified school district administrators started this ongoing series of discriminatory practices toward her in mid-2005. Plaintiff asserts that these actions adversely altered the terms and conditions of her employment and represented disparate treatment when compared with the treatment of similarly-situated white reading teachers. As this claim raises factual issues, including whether she has been targeted for such a continuing course of discriminatory conduct, the balance of defendants' current motion to dismiss must be denied.
Ledbetter v. Goodyear Tire & Rubber Co., 127 S.ct. 2162, 2166-67 (2007) does not eviscerate the viability of the continuing violations doctrine and, here,

plaintiff is not complaining about discrete acts like denial of promotion or demotion, but, rather a series of administrative actions which, arguably, carried forward inferior treatment against her as an African-American. See, Moreno v. Town of Huntington, 2008 U.S. Dist. LEXIS 21642 (March 18 2008 E.D.N.Y.). "A continuing violation may be found where there is `specific ongoing discriminatory policies or practices and where specific and related instances of decision-making are permitted by the employer to continue unremedied for so long so to amount to a policy or practice.' Cornwell v. Robinson, 23 F.3d 694, 704 (2d Cir. 1991)." In such circumstances, the commencement of the statute of limitations period is delayed until the last discriminatory act in furtherance of the continuous practice and policy of discrimination. Id. at 704. Also see, Patterson v. County of Oneida, 375 F.3d 206, 220 (2d Cir. 2004). When a continuing violation can be shown, a complaint must be filed within 300 days of the last act demonstrating the violation. Ibid. at 704.

Whether plaintiff can ultimately establish the continuity of action her Complaint asserts cannot be assessed at this stage of the litigation. Accordingly, defendant's motion is premature and should be denied.

### CONCLUSION

This matter should proceed against the defendant school district which was properly served. Defendants' motion to dismiss individual defendants should be

granted as to those served and unserved and otherwise denied.

                                        Respectfully submitted,

                                        MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF

DATED: MARCH 26, 2008